# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

FREDRICKA STANLEY,

    *Defendant-Appellant.*

No. 99-4491

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-6)

Submitted: April 13, 2001

Decided: April 11, 2002

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Henry Morris Anderson, Jr., ANDERSON LAW FIRM, P.A., Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Fredricka Stanley pled guilty to using and carrying a firearm in a crime of violence, and aiding and abetting, 18 U.S.C.A. § 924(c) (West 2000), 18 U.S.C. § 2 (1994), and was sentenced to a term of ten years imprisonment. Stanley's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as a potentially meritorious issue whether the district court complied with the provisions of Rule 11 of the Federal Rules of Criminal Procedure. Stanley has filed a pro se supplemental brief asserting that her guilty plea was not voluntary. We affirm.

We find, first, that the district court complied with the requirements of Rule 11 except that the court incorrectly informed Stanley that she could not receive more than a ten-year term of imprisonment. After Stanley was sentenced, we held that the statutory maximum term for a violation of § 924(c) is life imprisonment. *United States v. Harrison*, 272 F.3d 220, 225-26 (4th Cir. 2001).

Under Rule 11(c)(1), before accepting a guilty plea, the district court must inform the defendant of "the maximum possible penalty provided by law." The district court did not inform Stanley that the statutory maximum penalty was life imprisonment, and instead informed her that she would receive no more than ten years. Therefore, the district court failed to comply with this requirement. Because Stanley did not move to withdraw her guilty plea in the district court, we employ the plain error standard of review. *United States v. Martinez*, 277 F.3d 517, 527 (4th Cir. 2002) (holding that forfeited error in guilty plea hearing is reviewed for plain error); *see also United States v. Olano*, 507 U.S. 725, 731-32 (1993) (unpreserved error will be noticed only if defendant shows that (1) error occurred, (2) that was plain, (3) that affected defendant's substantial rights, and (4) error seriously affects fairness, integrity, or public reputation of judicial proceedings). In this case, an error occurred, and the error is plain. *Martinez*, 277 F.3d at 532 (error is plain under *Olano* if settled law of Supreme Court or this circuit establishes at time of appeal that error occurred). However, the error did not affect Stanley's substan-

tial rights because Stanley in fact received a sentence of ten years.*
An error that does not affect the outcome of the district court proceedings does not affect the defendant's substantial rights. *Olano*, 507 U.S. at 734. One of the firearms used in the robbery was a semiautomatic assault weapon and the district court properly imposed a ten-year sentence under § 924(c)(1)(B)(i). *Harrison*, 272 F.3d at 226. Therefore, we need not decide whether to exercise our discretion to notice the error.

In her pro se supplemental brief, Stanley states that she did not know a bank robbery was taking place until it was over, and that she was "railroaded" into entering a guilty plea. Our review of the record discloses that Stanley told the district court at the Rule 11 hearing that she did not know on the day of the robbery that her co-defendants were about to rob a bank. However, Stanley then admitted that she knew a robbery had been planned, and that she took part in it knowingly. On this record, Stanley has not shown that her plea was involuntary.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Moreover, Stanley's plea agreement did not set out a maximum penalty for her offense and did not contain any stipulations concerning the sentence.