**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ROBERT DRUMMOND,
            *Defendant-Appellant.*

No. 01-4567

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

WAKEEM BUTLER,
            *Defendant-Appellant.*

No. 01-4915

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-00-233-T)

Submitted: January 16, 2003

Decided: March 26, 2003

Before WILKINS, Chief Judge, and WIDENER and TRAXLER,
Circuit Judges.

———————————————————————————

Affirmed by unpublished per curiam opinion.

———————————————————————————

## COUNSEL

Robert L. Flax, FLAX & STOUT, Richmond, Virginia; Leslie Carter Rawls, Charlotte, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In these consolidated appeals, Robert Drummond and Wakeem Butler appeal their convictions and sentences of 132 months' imprisonment and 141 months' imprisonment, respectively. Both pled guilty without plea agreements to armed bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(d) (2000), and brandishing a firearm during and in relation to a crime of violence, aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) (2000). Drummond also pled guilty to bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a) (2000). Butler challenges the magistrate judge's inquiry regarding the influence of medication at his Fed. R. Crim. P. 11 hearing. Both Appellants challenge the district court's imposition of a two-point enhancement under *U.S. Sentencing Guidelines Manual* § 3C1.2 (2000). In No. 01-4567, Drummond has filed a motion to file a pro se supplemental brief challenging the seven-year sentence under his § 924(c) count. Finding no reversible error, we affirm.

Butler contends the magistrate judge conducted an inadequate inquiry into the potential effects of medications he was taking. Butler did not challenge the magistrate judge's inquiry below, therefore we review for plain error. *See United States v. Vonn*, 535 U.S. 55 (2002). When a defendant raises a question about his state of mind, the court must conduct further inquiry into the defendant's competence to enter

a guilty plea to ensure the guilty plea is knowing and voluntary. *United States v. Damon*, 191 F.3d 561, 564-65 (4th Cir. 1999). Upon Butler's statement he was under the influence of several medications, the magistrate judge engaged in a detailed inquiry regarding Butler's state of mind and requested a list of the medications he was taking. We find the magistrate judge's inquiry was adequate under *Damon* to ensure Butler's guilty plea was knowing and voluntary.

Both Drummond and Butler contend the district court erred by enhancing their guidelines ranges under USSG § 3C1.2. We review the district court's enhancement under § 3C1.2 for clear error. *United States v. Harrison*, 272 F.3d 220, 223 (4th Cir. 2001), *cert. denied*, __ U.S. __, 123 S. Ct. 162 (2002). The enhancement applies if the defendant recklessly created a substantial risk of death or serious bodily injury to another while fleeing from a law enforcement officer. USSG § 3C1.2. We find the defendants' conduct in fleeing the scene of the armed robbery sufficient to merit an enhancement under an aiding and abetting standard. *See United States v. Chong*, 285 F.3d 343, 346 (4th Cir. 2002); *Harrison*, 272 F.3d at 223.

Drummond has filed a pro se motion we have construed as a motion to file a pro se supplemental brief. We grant this motion. Drummond argues he did not aid or abet his co-defendants' brandishing their weapons during the robbery. Drummond's guilty plea precludes his challenge to the sufficiency of the evidence. *See United States v. Willis*, 992 F.2d 489, 490-91 (4th Cir. 1993). We also reject Drummond's argument that his § 924(c) sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Harris v. United States*, __ U.S. __, 122 S. Ct. 2406, 2414 (2002).

We therefore grant Drummond's motion to file a pro se supplemental brief and affirm Drummond's and Butler's convictions and sentences. We dispense with oral argument because the facts and legal issues are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*