UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RENDELL S. MILLER,
          *Defendant-Appellant.*

No. 03-4474

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CR-02-454)

Submitted: November 24, 2003

Decided: December 23, 2003

Before WIDENER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. Collins, ECK, COLLINS & MARSTILLER, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rendell S. Miller was convicted following a jury trial of possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841 (2000), and possession of a semiautomatic pistol and a short-barreled shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). The district court, finding Miller subject to the ten-year mandatory minimum sentence set forth in 18 U.S.C. § 924(c)(1)(B)(i) for his possession of the short-barreled shotgun, sentenced Miller to a total of 132 months of imprisonment, to be followed by a three-year term of supervised release. Miller timely appeals.

Miller does not challenge his conviction under 21 U.S.C. § 841. Instead, he contends that the evidence was insufficient to support the finding that he possessed the guns "in furtherance of" the drug trafficking. Additionally, Miller contends that the district court erred in finding him subject to a ten-year mandatory minimum sentence, the court violated his right to due process by failing to inform him of the mandatory minimum sentence, and the court erroneously instructed the jury on the definition of "in furtherance of." All of Miller's claims are without merit.

"'The verdict of a jury must be sustained if there is substantial evidence . . . to support it.'" *United States v. Willis*, 346 F.3d 476, 495 (4th Cir. 2003) (quoting, *Glasser v. United States*, 315 U.S. 60, 80 (1942)). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

"In determining what evidence is sufficient to establish a violation of § 924(c), the statutory term 'furtherance' should be given its plain meaning." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.), *cert. denied*, 537 U.S. 1031 (2002). The Government is required to prove that the firearm "furthered, advanced, or helped forward a drug traf-

ficking crime." *Id.* Some of the factors that might lead a jury to con-
clude that a defendant's possession of a firearm was in furtherance of
his drug trafficking activity are: "'the type of drug activity that is
being conducted, accessibility of the firearm, the type of weapon,
whether the weapon is stolen, the status of the possession . . ., whether
the gun is loaded, proximity to drugs or drug profits." *Id.* (quoting
*United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir.
2000)).

Here, the Government presented substantial evidence from which
the jury could conclude that the guns were used in furtherance of drug
trafficking. Miller possessed a garbage bag containing approximately
130 grams of marijuana, electronic scales, a loaded nine millimeter
semiautomatic handgun and a loaded sawed-off shotgun. The guns
were transported from one apartment to another in the same bag as
the drugs. The amount of drugs, the type of weapons, the proximity
of the weapons to the drugs, and the fact that the guns were loaded
all support the conclusion that the guns were used in furtherance of
the drug trafficking.

Next, Miller argues that the district court erred in sentencing him
under § 924(c)(1)(B)(i), which mandates a minimum ten-year sen-
tence. The court found that Miller possessed a short-barreled shotgun
in furtherance of the drug trafficking crime, thus subjecting him to a
ten-year mandatory minimum sentence. *See* 18 U.S.C.
§ 924(c)(1)(B)(i). Miller argues that this finding is an element of the
offense that must be found by the jury, not a sentencing factor. We
have expressly rejected this argument. *United States v. Harrison*, 272
F.3d 220 (4th Cir. 2001), *cert. denied*, 537 U.S. 839 (2002). The fac-
tors set forth in § 924(c)(1)(B) are sentencing factors. *Id.* at 225-26.
Miller's claim on this ground is without merit.

Miller's final two arguments are similarly without merit. Miller
asserts that he was denied due process because the district court failed
to inform him that he faced a ten-year mandatory minimum for his
violation of § 924(c). Miller did not plead guilty to the charge. Under
Rule 10, the district court was not obligated to inform him of the
minimum punishment he faced. *See* Fed. R. Crim. P. 10; *cf.* Fed. R.
Crim. P. 11(b)(1). Finally, Miller's allegation that the district court

failed to properly instruct the jury on the definition of "in furtherance of" is expressly belied by the record.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*