UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.                                        No. 03-4482

MARSHALL D. BROOKS,
               *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CR-02-454)

Submitted: December 12, 2003

Decided: January 6, 2004

Before WIDENER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Marshall D. Brooks was convicted following a jury trial of possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841 (2000), possession of a shotgun and a semiautomatic pistol in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000), and being a felon in possession of a firearm, in violation of § 922(g)(1) (2000). The district court, finding Brooks subject to the ten-year mandatory minimum sentence set forth in 18 U.S.C. § 924(c)(1)(B)(i) for his possession of the short-barreled shotgun, sentenced Brooks to a total of 183 months of imprisonment, to be followed by a five-year term of supervised release. Brooks timely appeals.

On appeal, Brooks challenges the sufficiency of the evidence on all three counts of conviction. Brooks also contends the district court erred in failing to inform him that he faced a ten-year mandatory minimum for his violation of § 924(c). Additionally, Brooks urges us to reexamine our holding in *United States v. Harrison*, 272 F.3d 220 (4th Cir. 2001), *cert. denied*, 537 U.S. 839 (2002). Finally, he argues that the district court erred in its instruction to the jury defining "in furtherance of" found in 18 U.S.C. § 924(c). Finding all of Brooks' claims without merit, we affirm.

"'The verdict of a jury must be sustained if there is substantial evidence . . . to support it.'" *United States v. Wills* 346 F.3d 476, 495 (4th Cir. 2003) (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). To support a conviction for possession with the intent to distribute drugs, the Government needs to show only that the defendant exercised "dominion and control" over the drugs. *United States v. Jones*, 204 F.3d 541, 543 (4th Cir. 2000) (quoting *United States v. Harris*, 31 F.3d 153, 156 (4th Cir. 1996)). Further, "[i]ntent to distribute may be inferred from possession of drug-packaging paraphernalia

or a quantity of drugs larger than needed for personal use." *United States v. Fisher*, 912 F.2d 728, 730 (4th Cir. 1990). In establishing a violation of § 924(c), the Government is required to prove that the firearm "furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.), *cert. denied*, 537 U.S. 1031 (2002). Factors that might lead a jury to conclude that a connection existed between the possession of the firearm and the drug trafficking include: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession. . ., whether the gun is loaded, proximity to drugs or drug profits." *Id.* (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).

Here, the Government presented substantial evidence from which the jury could conclude that Brooks possessed marijuana with the intent to distribute it and that the guns were used in furtherance of the drug trafficking. Brooks possessed a garbage bag containing approximately 130 grams of marijuana, electronic scales, a loaded nine millimeter semiautomatic handgun and a loaded sawed-off shotgun. The guns were transported from one apartment to the other in the same bag as the drugs. The amount of drugs, the type of weapons, the proximity of the weapons to the drugs, and the fact that the guns were loaded all support the conclusion that the guns were used in furtherance of the drug trafficking. Moreover, Brooks stipulated to his prior conviction. Therefore, the jury had substantial evidence from which to find Brooks guilty on all three counts.

Brooks' argument that the district court erred in failing to inform him that he faced a ten-year mandatory minimum sentence on Count Three is without merit. Brooks did not plead guilty to the charge. Under Rule 10, the district court was not obligated to inform him of the minimum punishment he faced. *See* Fed. R. Crim. P. 10; *cf.* Fed. R. Crim. P. 11(b)(1).

Next, Brooks urges us to revisit our holding in *Harrison* in light of the recent Supreme Court opinion in *United States v. Harris*, 536 U.S. 545 (2002). In *Harrison*, we held that 18 U.S.C. § 924(c)(1)(B) sets forth sentencing factors, not elements of the offense. 272 F.3d at 225-26. In *Harris*, the Supreme Court held that 18 U.S.C. § 924(c)(1)(A)

sets forth sentencing factors, not elements of the offense. 536 U.S. at 568. We do not believe that *Harris* lends any support to Brooks' argument that § 924(c)(1)(B) sets forth elements of the offense; therefore, we decline to revisit *Harrison*.

Finally, Brooks argument that the district court failed to adequately state the law in its jury instructions defining "in furtherance of" in § 924(c) is expressly belied by the record.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*