**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4010**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ELTON RICHBURG,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-03-122)

_____

Submitted: August 27, 2004      Decided: September 16, 2004

_____

Before WIDENER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Sherri Royall Alspaugh, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Elton Richburg pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of 108 months imprisonment. Richburg contends on appeal that the district court clearly erred in finding that, in his attempt to avoid arrest, he assaulted the arresting officer in a manner that created a substantial risk of serious bodily injury. U.S. Sentencing Guidelines Manual § 3A1.2(b)(1) (2003). We affirm.

During a traffic stop of the car in which Richburg, a convicted felon, was a passenger, the police officer learned that there was an outstanding probation violation warrant for Richburg. The officer told Richburg that he was under arrest, noticed a gun in Richburg's waistband, and attempted to handcuff him. Richburg turned around and tried to punch the officer in the face, but missed. The two struggled and Richburg's gun fell to the ground. The struggle continued, with the officer punching Richburg in the face and spraying him in the face with cap-stun, until other officers arrived. At Richburg's sentencing, over his objection, the district court determined that Richburg had assaulted the officer in a manner that created a substantial risk of serious bodily injury and gave him a three-level adjustment under § 3A1.2(b)(1).

The district court's factual finding that Richburg assaulted the officer in a manner that created a risk of serious

bodily injury is reviewed for clear error. <u>United States v. Harrison</u>, 272 F.3d 220, 223 (4th Cir. 2001), <u>cert. denied</u>, 537 U.S. 839 (2002). Richburg argues that his conduct did not create a substantial risk of serious bodily injury. He attempts to distinguish his case from <u>Harrison</u>, where the defendant's accomplice shot at pursuing police officers,[*] <u>id.</u> at 222, and from <u>United States v. Sloley</u>, 19 F.3d 149, 154 (4th Cir. 1994), in which the defendant resisted arrest by struggling with the officer and grabbing his gun.

Application of § 3A1.2(b) usually is based on some actual injury to the law enforcement officer or a clear attempt by the defendant to inflict serious injury, as in <u>Harrison</u> and <u>Sloley</u>. <u>See</u>, <u>e.g.</u>, <u>United States v. Zaragoza-Fernandez</u>, 217 F.3d 31, 33 (1st Cir. 2000) (defendant drove his car at military policeman who suffered glancing blow on knee as he jumped clear); <u>United States v. Ashley</u>, 141 F.3d 63, 69 (2d Cir. 1998) (minor injuries suffered by four officers in subduing defendant). However, circumstances alone that presented a risk of injury have been held to warrant the adjustment. <u>See</u> <u>United States v. Waldman</u>, 310 F.3d 1074, 1079 (8th Cir. 2002) (defendant pointed loaded gun at back of officer's head and threatened to kill him); <u>United States v. Bowie</u>,

---

[*]In <u>Harrison</u>, the appellant received adjustments under § 3A1.2(b) and § 3C1.2 (Reckless Endangerment during Flight). He did not contest the applicability of § 3A1.2(b), but argued that USSG § 3C1.2 alone should have been applied, and that applying both sections constituted double counting. 272 F.3d at 223.

198 F.3d 905, 913 (D.C. Cir. 1999) (defendant's attempt to pull gun from waistband as officer tried to handcuff him posed risk of serious bodily injury).

Clear error occurs when the court, upon reviewing the record as a whole, is left with the "'definite and firm conviction that a mistake has been committed.'" United States v. Powell, 124 F.3d 655, 667 (5th Cir. 1997) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Although the circumstances in this case are less egregious than those in other decisions, we are satisfied that a circumstance where, as here, an armed officer has a physical fight with an armed suspect he is attempting to arrest, presents a risk of serious bodily injury. We cannot say that the district court clearly erred in finding that the adjustment was warranted.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED