**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4799**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CORY COLLINS,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-03-64)

———————————

Submitted:  September 1, 2004          Decided:  October 1, 2004

———————————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

D. Malloy McEachin, Jr., Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cory Collins pled guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d) (2000), and aiding and abetting, 18 U.S.C. § 2 (2000) (Count 1); and using or carrying a firearm during a crime of violence, 18 U.S.C. § 924(c) (2000), and aiding and abetting, 18 U.S.C. § 2 (Count 2). He was sentenced to a term of sixty-three months imprisonment for the bank robbery and a consecutive ten-year term for the § 924(c) offense. Collins appeals his sentence, arguing that the district court erred in making an adjustment for reckless endangerment during flight from a law enforcement officer, U.S. Sentencing Guidelines Manual § 3C1.2 (2002). We affirm.

Collins and two accomplices robbed a bank in Jefferson, South Carolina, on February 13, 2003. Collins went behind the teller counter and took money from the tellers while Willis Barrino stood in the lobby with an AR 15 semiautomatic rifle shouting directions to the bank employees. Arke Benjamin Cuff drove the getaway car, a Lexus registered to Barrino. After Collins and Barrino came out of the bank, Cuff accidentally backed the Lexus into a ditch. All three men got out and pushed the car out of the ditch. As they drove away, several cars followed them. Barrino shot at the pursuers several times, then took the wheel of the Lexus. As they drove at high speed through Pageland, South Carolina, a police car looking for their car saw and pursued them.

After a chase at high speed, Barrino wrecked the car. All three robbers fled, but were soon arrested.

After his guilty plea and preparation of the presentence report, Collins objected to the recommendation for an adjustment for reckless endangerment during flight. At the sentencing hearing, defense counsel argued that Collins was not responsible for his co-defendant's conduct. The district court noted that Application Note 5 to § 3C1.2 makes a defendant accountable "only for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused," for purposes of applying the guideline, but determined that all three defendants aided and abetted each other's conduct. The court found that Collins had directly participated in all aspects of the robbery, and was thus responsible for the risk created.

When the facts are not contested, as in this case, the issue is a legal one and review is de novo. United States v. Butner, 277 F.3d 481, 488 (4th Cir. 2002). An adjustment is made under § 3C1.2 "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. . . ." For purposes of § 3C1.2, the normal scope of relevant conduct is narrowed by Application Note 5.

Collins argues on appeal that he was not a participant in the events that occurred after he and his co-defendants left the

bank and that, like the defendant in <u>United States v. Chong</u>, 285 F.3d 343 (4th Cir. 2002), he was merely a passenger in the car. We disagree. Chong was in a car driven by a co-defendant in a drug conspiracy when the police tried to stop the car for a traffic violation. Chong's co-defendant drove away at a high speed and soon crashed the car. Because Application Note 5 to § 3C1.2 "limits the defendant's responsibility for the actions of another," we held in <u>Chong</u> that "some form of direct or active participation" on the part of the defendant is necessary for § 3C1.2 to apply when the reckless flight is the result of another person's action. <u>Id.</u> at 346. Chong's case was remanded for a determination as to whether she had any direct involvement in the driver of the car's decision to flee in a manner that endangered other persons.

The facts in Collins' case more closely resemble those in <u>United States v. Harrison</u>, 272 F.3d 220 (4th Cir. 2001), <u>cert. denied</u>, 537 U.S. 839 (2002), where the defendant committed a bank robbery with several accomplices and the aftermath of the robbery included shots fired at pursuing officers and a high-speed chase involving two cars and two crashes. Although <u>Harrison</u> held that the conduct of the appellant's co-defendants was reasonably foreseeable, it also relied on the fact that the defendants were charged with, and pled guilty to, aiding and abetting under 18 U.S.C. § 2, <u>see</u> 272 F.3d at 223, just as did the district court in this case. Moreover, escape is an integral part of a bank robbery.

- 4 -

Collins actively aided and abetted his co-defendants in the robbery and the escape, including helping his co-defendants push the getaway car out of the ditch so they could use it to escape, as planned. Therefore, the district court did not err in making an adjustment pursuant to § 3C1.2.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED