**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4386**

───────────

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　v.

CLIFTON EARL JOHNSON,

　　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.　James C. Dever III,
District Judge.　(5:10-cr-00234-D-1)

───────────

Submitted:　November 30, 2011　　Decided:　December 14, 2011

───────────

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.　Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, John H. Bennett, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifton Earl Johnson appeals his 108-month sentence following his guilty plea to armed bank robbery.* He contends that the district court erred by enhancing his sentence by six offense levels for creating a substantial risk of bodily harm to a law enforcement officer, United States Sentencing Commission Guidelines Manual § 3A2.1 (2010), and by also imposing a two-level enhancement for reckless endangerment during flight. We affirm.

Johnson first asserts that the district court erred by applying the six-level enhancement for assault on a law enforcement officer. Johnson does not contest that he assaulted a person by pointing his firearm at him during his flight from the bank, but he challenges the enhancement on the ground that there was no evidence that he knew or had reason to believe that the person at whom he pointed his gun was a police officer.

The six-level enhancement is applied if, "in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowingly or having reasonable cause to believe that a person was a law enforcement officer, assaulted such

---

* Johnson also pled guilty to using or carrying a firearm during and in relation to a crime of violence, and was sentenced to a consecutive sentence of 84 months. He does not challenge this sentence on appeal.

officer during the course of the offense or immediate flight therefrom." USSG § 3A1.2(c)(1). The district court reviewed a statement Johnson made upon his arrest, in which Johnson stated that, after he exited the bank, he "saw an unmarked police car coming towards [him]. The officer jumped out of the car and fired two shots at [him]. [He] had the gun in [his] hand at [his] side. [He] asked him why he was shooting at [him]. The officer told [him] to get down. [He] told [the officer] that [he] had a bad knee and could not. The officer fired three more shots. [He] brought the gun up."

The court made the factual determination that, based on this statement, Johnson "knew or had reasonable cause to believe that the person who was in the vehicle was a law enforcement officer." The court found that the enhancement was appropriately applied.

We find no clear error in the district court's factual finding that Johnson, at the time of the conduct, knew or had reason to believe that the person at whom he pointed his weapon was a law enforcement officer. United States v. Hampton, 628 F.3d 654, 659 (4th Cir. 2010); see United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). We therefore uphold the imposition of the six-level sentence enhancement under USSG § 3A1.2(c)(1). See Hampton, 628 F.3d at 659.

3

Johnson next contends that the district court erred by applying the two-level enhancement for reckless endangerment during flight, in addition to the six levels added for the assault on the law enforcement officer. Because Johnson did not raise this issue in the district court, we review the claim for plain error. Fed. R. Crim. P. 52(b); United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010). To establish plain error, Johnson must show that error occurred, the error was plain, and the error affected his substantial rights. United States v. Moussaoui, 591 F.3d 263, 295 (4th Cir. 2010). Even if Johnson establishes that there was plain error, "the court will not 'correct the forfeited error . . . unless [it] seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 731-32 (1993)).

Section 3C1.2 provides for a two-level enhancement "if the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. Johnson contends that the application of both enhancements is contrary to the Guidelines and this court's precedent. He cites to Application Note 1 of § 3C1.2, which provides that the reckless endangerment enhancement should not apply when "another adjustment in Chapter Three, results in an equivalent or greater

4

increase in offense level solely on the basis of the same conduct." USSG § 3C1.2, comment. (n.1); see United States v. Sloley, 19 F.3d 149, 154 (4th Cir. 1994). However, this court has held that both the § 3A1.2 enhancement and the § 3C1.2 enhancement may be applied if "each is triggered by separate conduct." United States v. Harrison, 272 F.3d 220, 223 (4th Cir. 2001).

The district court found that both enhancements were appropriate. Johnson's conduct of pointing his firearm at the police officer constituted an assault on the law enforcement officer, justifying the six-level enhancement under § 3A1.2. See N.C. Gen. Stat. § 14.34 (2009). His failure to obey the officer's repeated commands to drop his weapon resulted in the officer firing his weapon at least four times. Thus, by failing to comply with the officer's directive, Johnson committed separate conduct that created a "substantial risk of death or serious bodily injury" to the officer or to any other person in the area of the bank. The district court did not clearly err in determining that the conduct that amounted to an assault was separate and distinct from the conduct that resulted in the officer firing his weapon, which thereby justified the additional enhancement under § 3C1.2. See United States v. Alicea, 205 F.3d 480, 486 (1st Cir. 2000) (holding that high speed chase and shots fired at pursuing officers separately

5

endangered police and public, justifying both enhancements); United States v. Matos-Rodriguez, 188 F.3d 1300, 1312 (11th Cir. 1999).

Having discovered no error, much less plain error in the district court's application of both the § 3A2.1 enhancement and the § 3C1.2 enhancement, we affirm the 108-month sentence imposed on Johnson for the armed bank robbery offense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED