**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4481**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUENTIN CHARLES BOURQUE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Margaret B. Seymour, Senior District Judge.  (2:19-cr-00700-MBS-1)

_____

Submitted:  January 31, 2023                           Decided:  February 22, 2023

_____

Before THACKER and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Corey Ellis, United States Attorney, Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Charles Bourque appeals the 78-month sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Bourque argues that the district court erroneously applied a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.2 (2018), because the factual basis for the enhancement was premised solely on the same conduct as the six-level enhancement the court applied pursuant to USSG § 3A1.2(c)(1). Bourque also argues that the district court failed to adequately address his mitigation arguments at sentencing. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). First, we must determine whether the district court "committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (quoting *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012). Because Bourque did not raise his sentencing enhancement argument in the district court, we review for plain error. *United States v. Mills*, 850 F.3d 693, 696 (4th Cir. 2017). "To show plain error, [Bourque] must

2

demonstrate that 'there was an error, the error was plain, and the error affected [Bourque's] substantial rights.'" *Id.* (quoting *United States v. Garcia-Lagunas*, 835 F.3d 479, 492 (4th Cir. 2016)) (alterations supplied).

Section 3A1.2(c)(1) of the Guidelines provides for a six-level increase if the defendant "in a manner creating a substantial risk of serious bodily injury, . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." Section 3C1.2 provides for a two-level increase if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The commentary to § 3C1.2 states that this enhancement should not be applied "where the offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct." USSG § 3C1.2, cmt. n.1. "However, both adjustments may be applied when each is triggered by separate conduct." *United States v. Harrison*, 272 F.3d 220, 223 (4th Cir. 2001).

Bourque's conduct of biting a police officer while resisting arrest constituted assault on a law enforcement officer, justifying the six-level enhancement pursuant to § 3A1.2(c)(1). Bourque's conduct of pushing another officer into a roadway, fleeing from the scene of his offense with a loaded firearm, and discarding the loaded firearm in a public area constituted separate conduct that created a "substantial risk of death or serious bodily injury" to both the second officer and to any other person in the area at the time Bourque threw away the weapon. The district court did not plainly err in determining that the

3

conduct that amounted to an assault on a law enforcement officer was separate and distinct from the conduct that constituted reckless endangerment during flight, justifying the additional enhancement pursuant to § 3C1.2. *See United States v. Alicea*, 205 F.3d 480, 486 (1st Cir. 2000) (holding that high speed chase and shots fired at pursuing officers separately endangered police and public, justifying both enhancements); *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1312 (11th Cir. 1999) (upholding application of both enhancements when defendant assaulted officer with his vehicle, then engaged officers in a high speed chase because first assault "was separated temporally and spatially from his subsequent, reckless conduct").

We turn now to Bourque's second argument regarding the district court's consideration of his mitigating arguments. "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). As part of this explanation, the "district court 'must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments.'" *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (quoting *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019), *cert. denied*, --- U.S. ---, 140 S. Ct. 206 (2019)) (alteration in original). "The explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward

4

departure." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). When the court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Nance*, 957 F.3d at 214. Ultimately, "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *Torres-Reyes*, 952 F.3d at 151 (internal quotation marks omitted). Here, the district court did not specifically address several of Bourque's arguments in mitigation, a procedural error.

Because Bourque properly preserved this issue for review, we must reverse unless we conclude that the error was harmless. *See United States v. Lynn*, 592 F.3d 572, 576-79 (4th Cir. 2010). For a procedural error to be harmless, the Government must establish that "the error did not have a substantial and injurious effect or influence on the result." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). In this context, we must be able to say with fair assurance, "that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." *Lewis*, 958 F.3d at 245 (quoting *Lynn*, 592 F.3d at 585) (alteration in original). Remand is appropriate when the absence of explanation prevents us from "determin[ing] why the district court deemed the sentence it imposed appropriate" or "produce[s] a record insufficient to permit even routine review for substantive reasonableness." *Lynn*, 592 F.3d at 582 (internal quotation marks omitted) (alteration omitted).

We conclude that the Government has satisfied its burden of showing that the district court's error was harmless. Our review of the record confirms that Bourque's

5

arguments for a lower sentence were weak and not particularly compelling when juxtaposed with his lengthy criminal history and the circumstances surrounding the instant offense. The district court also otherwise properly weighed the § 3553(a) sentencing factors and noted in its statement of reasons that Bourque incurred the charges for the instant offense while a fugitive for similar conduct. Finally, although the court did not specifically address Bourque's arguments regarding his history of drug addiction and recent efforts at rehabilitation, the court recommended Bourque's participation in substance abuse treatment while incarcerated. Thus, even though the district court did not explicitly explain its reasons for rejecting this argument for a lower sentence, it appears that the district court considered it. We are thus persuaded that, in this case, any shortcoming in the court's explanation for the sentence it selected is harmless and that remand is not warranted.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*