UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

LAMONT JONES-BEY,
　　　　　　*Defendant-Appellant.*

No. 99-4643

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-98-121-MJG)

Submitted: July 25, 2002

Decided: August 22, 2002

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Howard B. Katzoff, Washington, D.C., for Appellant. Thomas M. DiBiagio, United States Attorney, Craig M. Wolff, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lamont Jones-Bey appeals his conviction and sentence for being a felon-in-possession of a firearm in violation of 18 U.S.C.A. § 922(g) (West 2000). Pursuant to the Armed Career Criminal Act of 1984 (ACCA), *codified at* 18 U.S.C.A. § 924(e)(1) (West 2000), Jones-Bey was sentenced to a mandatory minimum 15 year term of imprisonment. Jones-Bey raises three issues on appeal. First, he challenges the district court's denial of his motion to suppress, claiming the officers who arrested him had no reasonable suspicion to stop the vehicle in which he was traveling and were unjustified in their warrantless entry and search of his home. Second, he claims insufficient evidence was presented at trial to sustain his conviction. Finally, he contests the district court's calculation of the predicate felonies necessary to sentence him as an armed career criminal.

We review the district court's factual findings underlying a motion to suppress for clear error and its legal determinations de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We find the district court correctly ruled that the law enforcement officers' decision to stop Jones-Bey's vehicle was supported by reasonable suspicion and that the officers were justified in conducting a warrantless search of Jones-Bey's home. *See United States v. Jones*, 204 F.3d 541, 543 (4th Cir. 2000).

Jones-Bey's challenge to the sufficiency of the evidence likewise fails. In reviewing a sufficiency of the evidence claim, we sustain a guilty verdict if there is substantial evidence, taking the view most favorable to the government, to support the finding of guilt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In this case, substantial evidence existed to support a jury determination that Jones-Bey possessed a handgun only moments before police officers discovered it.

Finally, Jones-Bey's sentencing contentions are without merit. We review legal issues concerning sentences de novo, *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989), as well as the legal determinations attendant to the application of the ACCA. We find the district court correctly determined that Jones-Bey committed the three predicate felonies necessary to trigger application of the ACCA and sentenced him appropriately. *See United States v. Letterlough*, 63 F.3d 332, 335 (4th Cir. 1995); *United States v. Custis*, 988 F.2d 1355, 1363-64 (4th Cir. 1993).

Accordingly, we affirm both Jones-Bey's conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*