# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                    No. 03-4244

ANDRE LAMONT CRAWFORD,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-20)

Submitted: January 28, 2004

Decided: February 18, 2004

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Andre Lamont Crawford pled guilty to two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of 120 months imprisonment. He appeals his sentence, contesting a four-level enhancement for possession of a firearm in connection with another felony offense. *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2002). We affirm.

On December 16, 2001, while Crawford was away from his apartment, law enforcement officers who were conducting a drug investigation received permission from a guest of Crawford's to search the apartment. After the officers found several partially consumed marijuana cigarettes in the living room, the guest revoked his consent to the search. While the officers were waiting for a search warrant to be issued, Crawford returned. He had a loaded 9mm pistol in his waistband, a small amount of marijuana, $234 in cash, and a pack of cigarette rolling papers. When the search resumed, the officers found in Crawford's bedroom a loaded .357 magnum revolver in a shoulder holster, a bag of marijuana, two scales, three boxes of ammunition, a marijuana roach, a cigarette rolling machine, and another pack of rolling papers. The total quantity of marijuana seized was 41.2 grams. The officers also found cocaine residue in a plastic straw in the kitchen and a glass bong in Crawford's roommate's bedroom. During the search, Crawford told the officers, "The gun in my room and whatever else is in there is mine along with what I had on me, but not the other stuff." Crawford was charged with various state offenses, including possession with intent to sell and deliver marijuana, a felony in North Carolina. He subsequently pled guilty to the instant federal firearms offenses. Crawford had been convicted in 1995 of possession of marijuana with intent to distribute. At the time of his arrest, he was on probation for a January 2001 conviction for possession of cocaine with intent to distribute.

Crawford's attorney argued at sentencing that there was insufficient evidence that he possessed the marijuana for distribution rather than personal use. The district court determined that Crawford possessed the marijuana with intent to distribute based on his lack of

employment, the fact that he was carrying $234 in cash and a loaded gun, his possession of two "hand" scales, and his own statement that he was not using marijuana at the time of his arrest. However, when the court imposed sentence, it ordered drug treatment as a special condition of supervised release and, as requested by Crawford's attorney, recommended to the Bureau of Prisons that Crawford be housed in an institution where he could receive drug treatment.

On appeal, Crawford argues that the court erred in making the four-level enhancement for possession of a firearm in connection with another felony because the evidence of distribution was insufficient. The district court's determination that Crawford possessed the marijuana with intent to distribute is a factual issue which is reviewed for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

Crawford argues that the evidence did not establish an intent to distribute the marijuana because he possessed a relatively small quantity of marijuana and none of it was bagged for distribution. Further, there were no packaging materials in his room, while there was evidence of marijuana use in his room. He also maintains that the scales found in his room could be used to measure amounts of marijuana bought for personal use, and that his carrying a firearm does not indicate that he was selling drugs. Finally, Crawford contends that the district court's decision was inconsistent with its recommendation to the Bureau of Prisons that he be housed in an institution where he can undergo drug treatment.

Possession of drug packaging materials or a quantity of drugs larger than a personal-use amount may indicate a defendant's intent to distribute; possession of a small amount of drugs is not enough to establish an intent to distribute. *United States v. Fisher*, 912 F.2d 728, 730 (4th Cir. 1990) (citations omitted). When a defendant possesses only a user quantity of drugs, other evidence may support a finding of possession with intent to distribute. *United States v. Jones*, 204 F.3d 541, 544 (4th Cir. 2000) (drug sales paraphernalia and expert testimony that 3.5 grams of cocaine could be distributed in multiple units); *United States v. Washington*, 41 F.3d 917 (4th Cir. 1994) (purchase of user quantity to share with friend sufficient evidence of intent to distribute).

In Crawford's case, no packaging materials or large quantities of marijuana were present. However, the district court could reasonably infer that Crawford was involved in distributing marijuana from the fact that he was carrying a pager, a relatively large amount of cash, and a loaded gun in his waistband, particularly in light of his prior drug trafficking convictions. Even if Crawford was merely supplying his roommate or other friends with marijuana without charge, such conduct constitutes distribution. Moreover, the evidence does not exclude the possibility that Crawford was both using and distributing marijuana at the same time. Therefore, we conclude that the district court did not clearly err in finding that Crawford possessed the marijuana with the intent to distribute it and in making the four-level enhancement under § 2K2.1(b)(5).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*