Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 03-4967

EDWARD VENEZ SHIPMAN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-03-44)

Submitted: June 16, 2004

Decided: August 20, 2004

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Christine Witcover Dean, Clay C. Wheeler, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Edward Venez Shipman ("Shipman") pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of eighty-four months of imprisonment. Shipman appeals his sentence, contending that the district court clearly erred in finding that he possessed the firearm in connection with another felony offense, *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2003). We affirm.[1]

Shipman and his brother, Ronnie, were arrested after police in Lumberton, North Carolina, were called to a public housing area for two complaints of loud music from a vehicle. The police officer who responded first heard no music, but saw the Shipmans' car backed into a driveway. When the police officer parked nearby, both Shipmans got out of the car. Shipman walked toward the exit of the housing area where signs were posted prohibiting non-residents from trespassing, loitering, or parking. Ronnie went behind the building. The officer ran a check of the vehicle's license number and learned that the owner did not live in Weaver Court. He then followed Ronnie behind the building and found him crouched down, apparently hiding. Ronnie gave off a strong odor of marijuana. He told the officer he was there to visit his son, but could not say where his son lived. The officer then detained him. As a backup officer arrived, Shipman reappeared. He walked toward the officers with his hands in his pockets and asked what they were doing to Ronnie. Shipman ignored an instruction to take his hands out of his pockets and to show identifica-

---

[1]Shipman has moved for leave to file a supplemental brief challenging the validity of his sentence under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). We grant the motion and treat the motion as the supplemental brief. We find no merit in the claim. *See United States v. Hammoud*, No. 03-4253, 2004 WL 1730309 (4th Cir. Aug. 2, 2004) (order).

tion. He also gave off the odor of marijuana. The two officers together handcuffed Shipman, who resisted. They found that he was carrying a handgun and a bag containing seven small bags of marijuana totaling 13.2 grams. The officers subsequently discovered another handgun and the keys to the Shipmans' vehicle hidden in a small charcoal grill in the area where Ronnie had been hiding.

Shipman pled guilty to possession of a firearm by a convicted felon. After the presentence report was prepared, he objected to the probation officer's recommendation for an enhancement under § 2K2.1(b)(5) for possession of the firearm in connection with another felony, asserting that he possessed a small amount of marijuana for personal use and that no evidence indicated his intent to sell the marijuana. Simple possession of marijuana is a Class 3 misdemeanor under North Carolina law. *See* N.C. Gen. Stat. § 90-95(a)(3), (d)(4) (LexisNexis 2001). Under federal law, it is a misdemeanor except when the defendant has two or more prior state or federal drug convictions, in which case it is a felony. 21 U.S.C. § 844(a) (2000). At the sentencing hearing, Shipman argued that an area where drugs are sold would attract buyers as well as sellers. However, the district court determined that the fact that Shipman was in an area known for drug trafficking at night with marijuana packaged for sale and was carrying a gun indicated that Shipman intended to sell the marijuana.

On appeal, Shipman argues that the enhancement under § 2K2.1(b)(5) was not warranted because the district court clearly erred in finding that he intended to distribute the marijuana. The government has the burden of proving facts that establish the applicability of this enhancement by a preponderance of the evidence. *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001). The district court may find that a firearm is "used in connection with another felony offense if it facilitates or has a tendency to facilitate the felony offense." *Id.* at 829 (citing *Smith v. United States*, 508 U.S. 223, 237 (1993)) (internal quotations omitted).

An intent to distribute drugs may be inferred from a variety of factors, including possession of a large quantity of drugs, a large quantity of cash, or drug packaging paraphernalia, but possession of a small amount of drugs alone does not permit the inference of intent to distribute. *United States v. Fisher*, 912 F.2d 728, 730-31 (4th Cir. 1990);

*see also United States v. Jones*, 204 F.3d 541, 544 (4th Cir. 2000) (possession of 2.3 grams of crack together with scale, sifter, razor blades, and rolling papers indicated intent to distribute). Possession of firearms and a small quantity of drugs, without more, may not be sufficient to establish intent to distribute. *United States v. Fountain*, 993 F.2d 1136, 1139 (4th Cir. 1993).

Here, we are convinced that the district court did not clearly err in deciding that Shipman intended to distribute the bags of marijuana in his possession, although the issue is a close one. Shipman's conduct and that of his brother, as observed by the officer, indicated a desire to remain at Weaver Court rather than to leave, as a customer might once he had made a drug purchase.[2]

The government suggests that the decision may be affirmed on an alternative ground, which we conclude has merit. Title 18, § 844(a) provides that simple possession of any controlled substance is punishable by a term of imprisonment of up to three years if the defendant commits the offense after two prior convictions for any state drug offense have become final. Shipman was convicted of simple possession of marijuana in state court on July 23, 2001, and on December 3, 2002. Therefore, even if he did not intend to distribute the marijuana in his possession, Shipman committed a federal felony by possessing it at all. We may "affirm a [sentence enhancement] on the basis of 'any conduct [in the record] that independently and properly should result in an increase in the offense level' by virtue of the enhancement." *United States v. Garnett*, 243 F.3d 824, 830 (4th Cir. 2001) (quoting *United States v. Ashers*, 968 F.2d 411, 414 (4th Cir. 1992)).

For the reasons discussed, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and

---

[2]Shipman relies on an unpublished case from the Sixth Circuit, in which the appeals court decided that the defendant's possession of a pistol and 7.5 grams of marijuana packaged in six "nickel bags" did not demonstrate an intent to distribute. *United States v. Woods*, 2001 WL 1631855 (6th Cir. Dec. 17, 2001) (unpublished). However, Woods testified at sentencing about his marijuana use. Shipman merely asked the court to infer his intent to use the marijuana rather than sell it.

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*