**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4967**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD VENEZ SHIPMAN,

Defendant - Appellant.

———————————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-7409)

———————————

Submitted: July 31, 2006          Decided: September 22, 2006

———————————

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward Venez Shipman ("Shipman") pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of eighty-four months of imprisonment. We affirmed his sentence. Subsequently, the Supreme Court granted certiorari, vacated this court's judgment in light of the decision in United States v. Booker, 543 U.S. 220 (2005), and remanded his case for further proceedings. United States v. Shipman, 107 F. App'x 354 (4th Cir. 2004) (No. 03-4967), vacated, 543 U.S. 1114 (2005).

Shipman was sentenced before the decisions in Booker and its predecessor, Blakely v. Washington, 592 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on judicial fact finding rather than facts he admitted. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). Shipman now contends that the district court plainly erred under Booker in applying the guidelines as mandatory and in enhancing his sentence for possession of the firearm in connection with another felony because the enhancement violated the Sixth Amendment. With respect to the district court's mandatory application of the guidelines, the court gave no indication of what sentence it would impose under an advisory

- 2 -

guideline system.  Therefore, Shipman cannot show actual prejudice and resentencing is not authorized on this ground, independent of a Sixth Amendment error.  United States v. White, 405 F.3d 208, 223-24 (4th Cir. 2005).  However, we conclude that the sentence violated the Sixth Amendment.

Shipman's base offense level was 20, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2003).  He received a four-level increase under § 2K2.1(b)(5), upon the district court's finding that he intended to distribute the marijuana he possessed when he was arrested with the illegal firearm.  Shipman contested this enhancement, arguing that the evidence did not show an intent to distribute, but the district court overruled his objection.  Shipman also received a three-level adjustment for acceptance of responsibility.  His final offense level was 21. Shipman was in criminal history category V, which gave him a guideline range of 70-87 months.  The court imposed a sentence of eighty-four months.  Without the enhancement for possession of the gun in connection with another felony, Shipman's offense level would have been 20 and the guideline range, based on facts he admitted, would have been 63-78 months.[1]  Shipman's sentence of

---

[1]For purposes of determining Booker error, we consider the guideline range based on facts Shipman admitted before the reduction for acceptance of responsibility.  United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005).

eighty-four months thus meets the standard for plain error that must be recognized under the standard set out in Hughes.[2]

The government asserts that the enhancement was supported by Shipman's admission (through his guilty plea) that he possessed the firearm while in possession of marijuana, because simple possession of marijuana after any prior drug conviction is a federal felony offense. See 21 U.S.C. § 844(a) (2000). Shipman was convicted of simple possession of marijuana in 2001. In our prior per curiam opinion affirming Shipman's sentence, we agreed that this fact could provide an alternative ground for affirmance. However, in light of Booker, we must take note of the fact that Shipman did not admit he possessed the firearm "in connection with" his possession of the marijuana. See United States v. Milam, 443 F.3d 382, 387 (4th Cir. 2006) (holding that, for Booker purposes, defendant's silence in response to presentence report does not constitute admission of facts in report on which sentence enhancement is based). We therefore conclude that resentencing is necessary.

For the reasons discussed, we vacate the sentence and remand for resentencing. Although the sentencing guidelines are no

_____

[2]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Shipman's sentencing." Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 265. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and then impose a sentence. <u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2006). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>