**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-4245**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JOHNNIE ELIJAH FOSTER, a/k/a Johnny Elijah Foster, a/k/a
John Elijah Foster,

                    Defendant – Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Raymond A. Jackson,
District Judge. (4:08-cr-00039-RAJ-TEM-1)

—————————

Submitted:  March 29, 2010          Decided:  April 20, 2010

—————————

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Larry M. Dash, Assistant Federal Public Defenders,
Norfolk, Virginia, for Appellant.    Dana J. Boente, United
States Attorney, Timothy R. Murphy, Special Assistant United
States Attorney, Scott J. Upright, Second Year Law Student,
Newport News, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnnie Elijah Foster appeals his conviction of simple possession of crack cocaine, in violation of 21 U.S.C. § 844(a) (2006). Foster was originally charged in a one-count indictment alleging possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a) (2006). Prior to submitting Foster's case to the jury, the district court instructed the jury on the elements of possession with intent to distribute. After considerable deliberation, the jury was unable to reach a unanimous verdict on the sole count in the indictment and asked whether Foster could be convicted of simple possession of crack cocaine. The district court then instructed the jury on the elements of simple possession of crack cocaine. Thereafter, the jury convicted Foster of simple possession of more than five grams but less than fifty grams of crack cocaine. The district court sentenced Foster to 78 months' imprisonment, and Foster timely noted his appeal.

Foster raises two arguments on appeal. According to Foster, the district court erred in instructing the jury on simple possession because that offense is not a lesser-included offense of possession with intent to distribute. Foster concedes that he did not raise this claim in the district court and that his claim is, therefore, reviewed only for plain error. Plain error review requires the defendant to establish that:

2

(1) there was error; (2) the error was "plain;" and (3) the error affected the defendant's substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993). Even if the defendant makes this required showing, "Fed. R. Crim. P. 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>Olano</u>, 507 U.S. at 732 (quoting <u>United States v. Young</u>, 470 U.S. 1, 15 (1985) (internal quotations omitted)).

Foster concedes that the first two elements in the simple possession statute, 21 U.S.C. § 844(a), are identical to the first two elements for possession with intent to distribute in 21 U.S.C. § 841(a). He argues, though, that § 844(a) contains a third element that is not an element of possession with intent to distribute, namely that the defendant did not possess the controlled substance pursuant to a valid prescription order. Foster's argument fails.

According to 21 U.S.C. § 885(a)(1), it is not "necessary for the United States to negative any exemption or exception set forth in this subchapter . . . in any trial[.]" 21 U.S.C. § 885(a)(1). Thus, the exception in § 844(a) for possession pursuant to a valid prescription is an affirmative

3

defense that Foster was required to establish. Moreover, Foster bears the burden of establishing error by the district court, and our review of the relevant case law leads us to conclude that Foster has failed to do so. See United States v. Jones, 204 F.3d 541, 544 (4th Cir. 2000); United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993). Therefore, Foster has failed to demonstrate that the district court plainly erred in determining that simple possession is a lesser-included offense of possession with intent to distribute.

Next, Foster claims that the district court erred in instructing the jury on simple possession when the element "with intent to distribute," was not in dispute, and there was no evidence of personal use. The only evidence relevant to personal use was the opinion of an expert witness that, in his experience, a thirty-four-gram quantity of crack cocaine was not consistent with personal use, but was consistent with distribution.

This court reviews for abuse of discretion both the decision to grant and the content of a requested jury instruction. United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). A defendant is "entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit

4

him of the greater." <u>Keeble v. United States</u>, 412 U.S. 205, 208 (1973).

We find that the evidence presented satisfies this criteria. Accordingly, we find no abuse of discretion by the district court in instructing the jury on the lesser-included offense. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>