**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 20-4220**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA DALE FULLER,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:17-cr-00044-MR-WCM-1)

─────────

Submitted:  April 27, 2022                                    Decided:  May 19, 2022

─────────

Before MOTZ and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────

**ON BRIEF:** William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Dale Fuller pled guilty, following a single robbery of a financial institution, to bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a) (Count 1); assault with a dangerous weapon during bank robbery, in violation of 18 U.S.C. §§ 2, 2113(d) (armed bank robbery) (Count 2); and use and discharge of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (Count 3). The district court denied Fuller's motion for a downward variance and imposed concurrent 46-month sentences on Counts 1 and 2 and a consecutive 120-month sentence on Count 3, for a total term of 166 months' imprisonment. Fuller timely appealed from the amended criminal judgment, and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the sentence imposed was substantively reasonable.

After independently reviewing the record pursuant to *Anders*, we identified a potentially meritorious issue, and accordingly directed the parties to provide supplemental briefing addressing that issue: whether the conviction and concurrent sentence imposed on the bank robbery charged in Count 1 were multiplicitous in light of the conviction and sentence imposed on the armed bank robbery charged in Count 2. After Fuller filed his supplemental brief, the Government moved to remand this case to the district court with instructions to vacate Fuller's conviction on Count 1. Fuller opposes the limited remand sought by the Government, instead asserting that the case should be remanded to the district court for a determination of whether to dismiss Count 1 or Count 2, and for resentencing. For the reasons that follow, we grant the Government's motion to remand, but only to the

2

extent it seeks remand for the entry of an amended criminal judgment.  We affirm Fuller's convictions on Counts 2 and 3, direct that his conviction on Count 1 be merged into the conviction for Count 2, vacate the sentence on Count 1, and remand for the entry of an amended judgment reflecting this disposition.

*Anders* counsel questions whether, in light of Fuller's age, personal history, and lack of a criminal record, his 166-month sentence is excessive.  We review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51.  If there is no significant procedural error, then we consider the sentence's substantive reasonableness. *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).  Having carefully reviewed the record, we conclude that the district court properly calculated the advisory Guidelines ranges, gave the parties the opportunity to argue for an appropriate sentence, and sufficiently explained the chosen sentence.  Fuller, therefore, has failed to rebut the presumption of reasonableness afforded his within-Guidelines-range sentence.

However, because it is well established that § 2113(a) is a lesser-included offense of § 2113(d), *United States v. Whitley*, 759 F.2d 327, 331 (4th Cir. 1985) (en banc); *see*

3

*United States v. Gaddis*, 424 U.S. 544, 547 (1976) (recognizing "merger" of convictions under § 2113(a) and § 2113(d) for same robbery), we find that Fuller's bank robbery conviction must be merged into the armed bank robbery conviction for sentencing purposes. The district court therefore erred in imposing a separate 46-month concurrent sentence for bank robbery. *See United States v. Jones*, 204 F.3d 541, 544 (4th Cir. 2000) (concluding that defendant's drug possession conviction should have been merged into conviction for possession with intent to distribute and, therefore, vacating the sentence imposed for the lesser-included offense of possession).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. Because we conclude that Fuller's bank robbery conviction should have been merged into the armed bank robbery conviction, we vacate the sentence for Count 1. We affirm Fuller's remaining convictions and sentence, and we remand for the entry of an amended judgment reflecting this disposition. *See United States v. Midgett*, 488 F.3d 288, 302 (4th Cir. 2007) (vacating sentence imposed on lesser-included bank robbery conviction and "remand[ing] for the entry of an amended judgment that reflects this disposition").

This court requires that counsel inform Fuller, in writing, of the right to petition the Supreme Court of the United States for further review. If Fuller requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fuller. We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND*
*REMANDED*