**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4976

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HASSAN RICHARD MILLER, a/k/a Ernest Danielle
Smith,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (CR-97-726)

Argued:  December 2, 2005          Decided:  February 1, 2006

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Jack Bruce Swerling, Columbia, South Carolina, for
Appellant.  Marshall Prince, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.  **ON BRIEF:** Jonathan S. Gasser, Acting United States
Attorney, Jimmie C. Ewing, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Hassan Richard Miller appeals his 262-month sentence for distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  For the reasons that follow, we vacate the sentence of the district court and remand for re-sentencing.

I.

On September 23, 1997, Miller was arrested with an accomplice during a sale of crack cocaine to an undercover police officer in Columbia, South Carolina.  He was indicted for possession with intent to distribute "a quantity of cocaine base, commonly known as 'crack' cocaine," in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Miller was released to pretrial supervision, but failed to appear for subsequent proceedings.  He was located in 2002 while serving a separate federal sentence for a crime committed in North Carolina.[1]

Miller pleaded guilty to the South Carolina charges on May 7, 2003.  In his plea colloquy, he admitted that on or about September 23, 1997, he had met an undercover police officer and had shown him "some crack cocaine" that the police had later seized from him. Miller's Presentence Investigation Report ("PSR") contained a recommended total offense level of 36.  This recommendation was

[1]We refer to Miller's federal sentence for the crime committed in North Carolina as his North Carolina sentence.

calculated by beginning with U.S.S.G. § 2D1.1(c)(3)'s base offense level of 34, based upon the 241.64 grams of crack cocaine that the police claimed to have recovered from Miller and his accomplice. Two enhancements were added to Miller's base offense level: (1) a three-point aggravated assault enhancement under former U.S.S.G. § 3A1.2(b)[2] for throwing a juice bottle at a police officer while fleeing arrest and (2) a two-point obstruction of justice enhancement under U.S.S.G. § 3C1.1 for absconding from pretrial supervision. The PSR further contained a recommendation that the court grant Miller a three-point offense-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility for his crime. Finally, the PSR contained a recommended criminal history score of seven, corresponding to criminal history category four.[3]

At sentencing, the district court adopted the PSR's recommended offense level of 36 and criminal history category four. Miller objected to the aggravated assault enhancement, denying the

---

[2]Former Section 3A1.2(b) of the sentencing guidelines is currently codified as amended at U.S.S.G. § 3A1.2(c). We cite to former U.S.S.G. § 3A1.2(b) to reference the earlier version of the aggravated assault enhancement, not the text currently codified in that subsection.

[3]Pursuant to U.S.S.G. § 4A1.1(a), a 1999 conviction for conspiracy to distribute cocaine base (the crime for which Miller's North Carolina sentence was imposed) accounted for the first three points of Miller's recommended criminal history score. Miller received four additional points under U.S.S.G. § 4A1.1(c), one point each for a 1992 conviction for driving with a revoked license, a 1992 conviction for possession of marijuana, a 1993 conviction for possession of marijuana and driving with a revoked license, and a 1994 conviction for possession of marijuana.

conduct at issue and arguing that, even if the allegations were true, they would not satisfy the requirements of U.S.S.G. § 3A1.2(b).[4] He did not object to the aggravated assault enhancement on the grounds that it violated his Sixth Amendment right to a jury trial, nor did he object on any basis to the remaining sentencing enhancements for drug quantity, obstruction of justice, and prior convictions.

The district court imposed a sentence of 262 months' imprisonment, of which 120 months would run concurrently with the North Carolina sentence.[5] The sentence thus equated to an effective 142 months of imprisonment in addition to the North Carolina sentence that Miller was already serving.

---

[4]Miller also objected to the assessment of a criminal history point for his 1992 marijuana possession conviction and to the assessment of three criminal history points for his 1999 conspiracy conviction. He appealed the district court's rulings on those objections, but notified this court at oral argument that he wished to abandon those arguments. We therefore do not address them.

[5]We note that at sentencing the district court declared that it wished for Miller to serve only "60 months consecutive." However, it then ordered 142 months of the 262-month sentence to be served consecutively to Miller's North Carolina sentence. The court therefore apparently did not mean that Miller should serve only 60 additional months after completing his North Carolina sentence. Rather, the district court intended for 60 months of Miller's 180-month North Carolina sentence not to be served concurrently with his new sentence in this case. The district court's determination that Miller should serve 120 months of the 180-month North Carolina sentence concurrently with his new sentence satisfies us that we have properly interpreted the court's intention in this regard.

For the first time on appeal, Miller now argues that the district court contravened <u>United States v. Booker</u>, 125 S. Ct. 220 (2005), by enhancing his sentence beyond the statutory maximum available based only on Sixth Amendment-compliant findings of fact. Specifically, Miller challenges the court's findings that he possessed a specific quantity of drugs, that he committed an aggravated assault on a police officer, and that he obstructed justice. In addition to his Sixth Amendment challenge, Miller disputes the district court's findings of fact with respect to his aggravated assault enhancement, arguing that the evidence was insufficient to support the court's finding that he had thrown a juice bottle at a police officer. He further alleges that the district court improperly interpreted former U.S.S.G. § 3A1.2(b) to include the conduct that the court attributed to Miller.

## II.

We first address Miller's Sixth Amendment challenge to the drug quantity enhancement. Because he did not raise this issue below, this court reviews his objection for plain error. <u>See United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005) (citing Fed. R. Crim. P. 52(b)). Plain error exists if the district court committed (1) an error that (2) is plain, (3) prejudiced Miller's substantial rights, and (4) absent reversal "would result in a miscarriage of justice, such as when . . . the error seriously

affects the fairness, integrity or public reputation of judicial proceedings." See Hughes, 401 F.3d at 547-48, 555 (citations omitted).

## A.

Following our framework for plain error review, we first consider whether the district court committed an error. We have previously held that Booker error satisfies this first prong of the plain error standard of review. Hughes, 401 F.3d at 547. A Booker error has infected Miller's sentence if the sentence exceeded the applicable statutory maximum based solely upon the facts "admitted by the defendant," the facts "proved to a jury beyond a reasonable doubt," or the facts of a prior conviction. See Booker, 125 S. Ct. at 756.

At the time of Miller's sentencing, the then-mandatory federal sentencing guidelines prescribed a sentencing range applicable to his conduct and criminal history, the upper limit of which constituted the statutory maximum to which Miller could be sentenced absent a valid upward departure. To determine the applicable sentencing range, the district court applied offense level 36 and criminal history category four. Miller's sentence of 262 months' imprisonment was based on the sentencing range of 262 to 327 months' imprisonment that corresponded to that offense level

and criminal history category.  <u>See</u> U.S. Sentencing Guidelines Table, ch. 5, pt. A, 18 U.S.C. (2000).

We conclude that the district court's finding that Miller was responsible for 241.64 grams of cocaine base was, by itself, sufficient to increase his sentence beyond the statutory maximum that would have applied absent that finding.[6]  Applying all of the district court's sentencing enhancements except for the enhancement for drug quantity, the Sentencing Table produces total offense level seventeen and criminal history category four.[7]  <u>See</u> <u>id.</u>  This application of the guidelines corresponds to a recommended range of 37 to 46 months' imprisonment.  <u>See</u> <u>id.</u>  Miller's actual sentence of 262 months thus far surpasses the maximum statutorily authorized sentence absent the drug quantity enhancement.

We further note that the drug quantity enhancement is not immune from the Sixth Amendment's requirements because a jury did

---

[6]This circuit has considered all allegedly erroneous sentencing enhancements cumulatively when determining whether those enhancements violate the Sixth Amendment, <u>see, e.g.</u>, <u>Hughes</u>, 401 F.3d at 547, rather than requiring each error to state a violation standing on its own.  However, because we find that Miller's drug quantity enhancement by itself warrants re-sentencing, we do not address his additional sentencing enhancements.  Therefore, for the purpose of determining the total offense level and criminal history category that would have applied to Miller absent the drug quantity enhancement, we assume without deciding that these additional challenged sentencing enhancements were valid.

[7]In analyzing Miller's <u>Booker</u> claim, we do not factor his three-level deduction under Section 3E1.1 into our calculation of the offense level that would have applied to him absent the drug quantity enhancement.  <u>See</u> <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005).

not find, nor did Miller admit, that he was responsible for 241.64 grams of crack cocaine, and because the drug quantity is not a fact of a prior conviction.  First, because Miller pleaded guilty, no jury ever made any findings of fact with respect to his conduct. Second, at his plea colloquy, Miller admitted only that he offered to sell an undercover officer "some crack cocaine."  Miller's admission thus did not establish a minimum quantity of the drug for which he was responsible.  Rather, his admission established only that he distributed, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, an amount of crack cocaine greater than zero grams. Such a statement is insufficient to constitute an admission that Miller was responsible for 241.64 grams of the drug.  Finally, the district court referred to no prior convictions to establish the drug quantity applicable to this case.

Because Miller's sentence was enhanced beyond the statutory maximum based on a drug quantity not found by a jury beyond a reasonable doubt or admitted by him, and because that drug quantity is not a fact of a prior conviction, the sentence violated the Sixth Amendment.[8]  This violation constitutes error under the first prong of the plain error standard.

---

[8]As we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [the defendant's] sentencing."

- 8 -

We now consider whether Miller's challenge to the drug quantity enhancement satisfies the second, third, and fourth prongs of the plain error standard. We begin by noting that this circuit has already decided that allegations of <u>Booker</u> Sixth Amendment error raised for the first time on appeal state plain error that, if prejudicial, warrants re-sentencing. <u>Hughes</u>, 401 F.3d at 555-56. Because Miller has alleged a cognizable <u>Booker</u> error, he has demonstrated that the error is plain (prong 2) and that it warrants exercise of the court's discretion to reverse his sentence (prong 4). <u>See</u> <u>id.</u>

We further find that Miller's objection to the drug quantity enhancement alleges an error that was prejudicial, satisfying the third prong of the plain error standard. We note that the district court ordered 120 months of Miller's 262-month sentence to run concurrently with his North Carolina sentence, reducing Miller's sentence in this case to an effective 142 months. However, we need not decide here whether the concurrent portion of his sentence is relevant to our prejudice analysis on plain error review. Miller's sentence would be prejudicial under <u>Hughes</u> even without counting the portion served concurrently with his North Carolina sentence. As we have noted, his sentencing range without the drug quantity enhancement would have been 37 to 46 months, well below the 142 months that were imposed consecutive to his North Carolina

sentence. Our opinion in Hughes makes clear that our prejudice analysis must at a minimum include any additional time in prison that a defendant receives from the sentence under review. See Hughes, 401 F.3d at 548-52. We therefore hold that Miller's sentence demonstrates prejudice under the third prong of the plain error standard.

III.

The Sixth Amendment error with respect to the drug quantity enhancement warrants re-sentencing; review of Miller's remaining sentencing objections would not result in any modification of that relief. We therefore decline to reach his remaining Booker objections concerning enhancements for obstruction of justice and aggravated assault of a police officer. For the same reason, we will not review Miller's statutory objections to the aggravated assault enhancement.

IV.

We find that the drug quantity enhancement increased Miller's sentence beyond the statutory maximum authorized by the facts to which he admitted and the facts of his prior convictions. Accordingly, the judgment of the district court is

VACATED AND REMANDED.