**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4363

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HASSAN RICHARD MILLER, a/k/a Ernest Danielle
Smith,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (0:97-cr-726-CMC-1)

Submitted:  October 17, 2007      Decided:  February 15, 2008

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Jack B. Swerling, LAW OFFICES OF JACK B. SWERLING, Columbia, South
Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Kevin F. McDonald, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hassan Richard Miller pled guilty in 2003 to possession with intent to distribute crack cocaine and was originally sentenced to 262 months imprisonment. Miller appealed, claiming that his sentence violated United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). This court agreed and vacated Miller's sentence for resentencing consistent with those opinions.

On remand, the district court conducted a resentencing hearing and determined that Miller's total offense level remained at 36, which included a three-level enhancement for assaulting a police officer under U.S. Sentencing Guidelines Manual (USSG) § 3A1.2(b) (2002).[1] With a criminal history category IV, Miller's resulting guideline range remained at 262-327 months imprisonment. After Miller's attorney argued for a sentence below his original 262-month sentence, the district court stated:

> I agree it is a lengthy prison sentence. I considered that. I just don't see any circumstances that warrant a different sentence than the sentence I imposed then. I gave him ten years concurrent, which is pretty generous. And even though it is a long sentence, although he has a long sentence, it could have been a lot longer.
> So, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that [Miller] is hereby committed to the custody of the Bureau of Prisons to be

---

[1]The "official victim" enhancement was amended, effective November 1, 2004, providing now for a six-level, versus a three-level, enhancement. See USSG App. C, Amend. 663; USSG § 3A1.2(c) (2004).

> imprisoned for a term of 262 months; 120 months of which is to run concurrently with the undischarged term of imprisonment that you are now serving under the provisions of 5G1.3C.

Miller noted a timely appeal.

Miller first argues that the district court clearly erred in finding that he committed an aggravated assault on a law enforcement officer warranting an enhancement under USSG § 3A1.2(b). We review the district court's factual finding on this issue for clear error. <u>United States v. Harrison</u>, 272 F.3d 220, 223 (4th Cir. 2001).

At the time of Miller's original sentencing, USSG § 3A1.2(b) provided for a three-level enhancement if "during the course of the offense or immediate flight therefrom, the defendant . . . , knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury." Application Note 4(A) further provided that this section "applies in circumstances tantamount to aggravated assault . . . against a law enforcement officer." The evidence established that, at the time of his arrest, Miller threw a juice bottle (which he had just purchased from a convenience store) at one of the arresting officers and hit him in the head. Regardless of the extent of the officer's *actual* injury, we find that the district

court did not clearly err in finding that the enhancement applied because there was a substantial *risk* of serious injury.[2]

Next, Miller argues that the sentence imposed is unreasonable because, inter alia, the district court failed to consider the requisite factors enumerated in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). We find insufficient evidence in the record to show Miller is in error.

This court reviews a district court's sentence for reasonableness. Hughes, 401 F.3d at 546-47. "Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Id. at 546. Next, the district court must consider this range in conjunction with other relevant factors under the guidelines and § 3553(a) and impose a sentence. Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines

---

[2]Indeed, while the evidence of the injuries suffered by the officer who Miller assaulted is somewhat sparse--no doubt at least in part because he had died prior to Miller's sentencing--another officer testified in a related proceeding that the victim officer was left with a scar that remained visible long after the incident.

sentence).  "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 3044 (2007).

A post-Booker sentence may be unreasonable for procedural or substantive reasons.  "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding."  United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (citations omitted), cert. denied, 126 S. Ct. 2054 (2006).  While a district court must consider the various factors listed in § 3553(a) and explain its sentence, it need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." Johnson, 445 F.3d at 345.  "This is particularly the case when the district court imposes a sentence within the applicable Guidelines range."  Id. (citation omitted).

However, "a district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing."  Montes-Pineda, 445 F.3d at 380 (citations omitted).  "[I]n determining whether there has been an

adequate explanation, [the court does] not evaluate a court's sentencing statements in a vacuum." Id. at 381. Rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [the court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id.

On the record before us, we are unable to discern whether the district court considered the § 3553(a) factors or whether it did so properly. Accordingly, we vacate Miller's sentence and remand for resentencing in order to allow the district court to articulate its reasons in imposing sentence.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[3]We note that the district court sentenced Miller prior to our decisions in Johnson and Montes-Pineda, and thus did not have the benefit of the guidance provided by those cases. We further note that the district court is free on remand to impose the same sentence or a different one; nothing in this opinion should be read to suggest that we have formed any view regarding the appropriate outcome of Miller's resentencing.