**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4494**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

HASSAN RICHARD MILLER, a/k/a Ernest Danielle Smith,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (0:97-cr-00726-CMC-1)

_____

Submitted:  May 18, 2009              Decided:  June 12, 2009

_____

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South
Carolina, for Appellant.  John David Rowell, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hassan Richard Miller pled guilty in 2003 to possession with intent to distribute crack cocaine and was sentenced to 262 months imprisonment. Miller appealed, claiming that his sentence violated the holdings in United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). This court agreed and vacated Miller's sentence for resentencing consistent with those opinions. See United States v. Miller, No. 03-4976, 2006 WL 237108 (4th Cir. Feb. 1, 2006) (unpublished). On remand, the district court determined that Miller's total offense level remained at 36. With a criminal history category IV, the resulting guideline range remained at 262-327 months imprisonment. The court again sentenced Miller to 262 months imprisonment. We again vacated Miller's sentence because, on the record before us, we were unable to discern whether the district court considered the factors enumerated in 18 U.S.C. § 3553(a) (2006) or whether it did so properly. See United States v. Miller, No. 06-4363, 2008 WL 410460 (4th Cir. Feb. 15, 2008) (unpublished).

At his third sentencing hearing, the district court again heard argument from Miller's counsel for a below-guidelines sentence based on his conduct in prison and the lengthy sentence he is currently serving for another (federal)

2

conviction in North Carolina. At the conclusion of the hearing, the court sentenced Miller to 210 months imprisonment, to run fully (versus partially) concurrently with his term in North Carolina. Miller noted a timely appeal.

Miller's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but questions whether the sentence was reasonable. Although advised of his right to do so, Miller has not filed a supplemental pro se brief. Finding no error, we affirm.

We review Miller's sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error such as failing to calculate (or improperly calculating) the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Id. We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. When reviewing a sentence on appeal, we presume that a sentence within a properly-calculated guidelines range is reasonable. Rita v.

3

United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007).

The record reveals that the district court applied the sentencing guidelines as advisory, considered the § 3553(a) factors, and sentenced Miller within his properly-calculated advisory guidelines range of 210-262 months of imprisonment. Under these circumstances, we find the sentence was reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4