**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-4653**

—————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ERIC GRANT SMITH,

            Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever, III, Chief District Judge.  (7:10-cr-00068-D-2)

—————

Submitted:  July 30, 2013          Decided:  August 8, 2013

—————

Before KEENAN, WYNN, and THACKER, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Josiah J. Corrigan, PERRY, PERRY & PERRY, Kinston, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Grant Smith pled guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute more than fifty kilograms of marijuana, in violation of 21 U.S.C. § 846 (2006). The district court calculated Smith's Guidelines sentence under the U.S. Sentencing Guidelines Manual ("USSG") (2011) at 240 months' imprisonment and sentenced him to 240 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court reversibly erred in accepting Smith's guilty plea and abused its discretion in imposing sentence. Smith has filed two pro se supplemental briefs. The Government declined to file a brief and does not seek to enforce the appeal waiver in Smith's plea agreement. We affirm.

Because Smith did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to

establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Smith's guilty plea and that any omission by court did not affect Smith's substantial rights. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent basis in fact, and that Smith entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Smith's guilty plea.

Turning to Smith's 240-month sentence, we review it for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the

3

18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49–51. If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Counsel and Smith both question whether the district court erred in calculating his total offense level under the Guidelines. We conclude after review of the record that the district court's calculation of the drug quantity attributable to Smith is supported by statements from cooperating informants in the presence report and the testimony adduced at sentencing that the district court credited. We thus discern no clear error in the court's calculation of Smith's base offense level under USSG § 2D1.1. See United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009) (stating the standard of review, noting

4

that the district court's drug quantity finding must be supported by a preponderance of the evidence, and concluding that testimony received at trial and sentencing supported the court's finding); United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999) (explaining that a defendant bears the burden of establishing that information in the presentence report the district court relied on in calculating the relevant drug quantity is incorrect).

Smith also claims that his plea agreement was breached by the district court's drug quantity calculation. Because Smith did not raise this argument following the district court's calculation of the drug quantity attributable to him, we review this claim for plain error. Puckett v. United States, 556 U.S. 129, 134-36 (2009). We conclude after review of the record that Smith fails to establish plain error by the district court. The parties' agreement to recommend to the district court that a certain quantity of marijuana be used in the determination of Smith's base offense level under the Guidelines was not binding on the court, and Smith does not suggest that the Government failed in its obligation to recommend at sentencing that the court use the agreed-upon quantity in calculating his base offense level. Smith thus fails to establish a plain breach of the plea agreement. See United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997) (holding that, to prevail on a claim of

5

breach of the plea agreement under a plain error standard, the defendant must show not only a plain breach of the plea agreement but also that he was prejudiced by the error).

Next, counsel and Smith question whether the district court erred in enhancing his offense level two levels under USSG § 2D1.1(b)(1). Under USSG § 2D1.1(b)(1), a two-level increase in a defendant's offense level is warranted "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), even in the absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted). The defendant bears the burden to show that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." Id. at 852-53.

We conclude after review of the record that Smith has not met this burden. The district court's application of the two-level enhancement is supported by the testimony received at sentencing and statements in the presentence report connecting

6

Smith's possession of the firearm to a drug transaction occurring in the course of the conspiracy, and Smith has not pointed to evidence suggesting that the connection between the firearm and the conspiracy offense was "clearly improbable."

Counsel and Smith next question whether the district court erred in enhancing his offense level six levels under USSG § 3A1.2(c)(1). Pursuant to USSG § 3A1.2(c)(1), a defendant qualifies for a six-level increase to his offense level if, "knowing or having reasonable cause to believe that a person was a law enforcement officer," the defendant "or a person for whose conduct the defendant is otherwise accountable" assaults the officer "during the course of the offense or immediate flight therefrom" in a manner creating "a substantial risk of serious bodily injury." Smith does not challenge the district court's finding that a co-conspirator assaulted an officer and engaged in conduct creating a substantial risk of serious bodily injury to the police officer attempting to stop a vehicle transporting funds slated by the conspiracy for the purchase of marijuana, and, after review of the record, we conclude that the district court did not clearly err in finding this conduct was reasonably foreseeable to Smith. See United States v. Harrison, 272 F.3d 220, 223 (4th Cir. 2001) (stating standard of review and noting that "a defendant who undertakes a joint criminal activity is accountable, for sentencing purposes, for the reasonably

7

foreseeable conduct of the others involved in furtherance of the jointly undertaken criminal activity").

Counsel and Smith also question whether the district court erred in enhancing his offense level four levels under USSG § 3B1.1(a). Section 3B1.1(a) of the Guidelines directs a district court to enhance a defendant's offense level four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." In assessing whether a defendant played an aggravating role in the offense of conviction, "the key inquiry is whether the defendant's role was that of an organizer or leader of people, as opposed to that of a manager over the property, assets, or activities of a criminal organization." United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010) (internal quotation marks omitted).

The evidence adduced at sentencing supports the conclusions that the conspiracy involved five or more participants and that Smith exercised an organizational role in it by arranging for the conspiracy to purchase drugs from a source, directing members' purchases from that source, paying for expenses of purchasing trips, and controlling the flow of currency from the conspiracy to the source. We thus discern no clear error in the district court's finding that Smith was an organizer or leader of the conspiracy's participants, rendering

8

the four-level enhancement under USSG § 3B1.1(a) appropriate. See United States v. Jones, 356 F.3d 529, 538 (4th Cir. 2004) (affirming application of four-level enhancement for leadership role where defendant recruited dealers, controlled allocation of drugs to dealers, determined how profits were divided, and handled the logistics and arrangements for the transactions); United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997) (affirming application of enhancement where defendant "directed the activities of other members of the drug ring and facilitated the criminal enterprise by renting apartments, acquiring pagers, hiring a lawyer for a codefendant, and paying for the bond of another codefendant").

In addition to correctly calculating Smith's total offense level, the district court also correctly calculated his criminal history category, correctly calculated his advisory Guidelines sentence, and heard argument from counsel and allocution from Smith. The court explained that the Guidelines sentence of 240 months' imprisonment was warranted in light of the nature and circumstances of Smith's offense, his history and characteristics, and the need for the sentence to reflect the seriousness of his offense, to promote respect for the law, to afford adequate deterrence, and to protect the public. Neither counsel nor Smith offers any grounds to rebut the presumption on appeal that his within-Guidelines sentence is substantively

9

reasonable.  Accordingly, we conclude that the district court did not abuse its discretion in sentencing Smith.

Finally, in accordance with <u>Anders</u>, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This Court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review.  If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>